**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>VS.<br><br>**DONNIE BROWN,**<br><br>Defendant | NO. 5: 08-CR-62 (CAR)<br><br>**VIOLATION(S): Drug Related** |

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Larry K. Moore of the Macon Bar; the United States was represented by Assistant U. S. Attorney Charles L. Calhoun. Based upon the evidence proffered to the court by counsel for the parties and the contents of the Pretrial Services Report dated October 6, 2008, as well as argument and comments of counsel, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ **(1)** There is PROBABLE CAUSE to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

☐ under 18 U.S.C. §924(c).

☒ **(2)** The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ **(1)** There is a serious risk that the defendant will not appear.

☒ **(2)** There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated October 6, 2008, establishes by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the future appearance of the defendant or the safety of the community were defendant Brown to be released from custody at this time. The offenses charged against him is a serious drug felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 135 months to 168 months to be served in prison. Defendant Brown possesses an extensive criminal arrest and conviction record, including convictions for ATTEMPTED BURGLARY, St. Petersburg, Florida, 1976; ARMED ROBBERY, Orlando, Florida, 1984; POSSESSION OF A FIREARM BY A CONVICTED FELON, St. Petersburg, Florida, 1988; AGGRAVATED ASSAULT W/ A WEAPON, St. Petersburg, Florida, 1983; ESCAPE, St. Petersburg, Florida, 1988; POSSESSION OF COCAINE, St. Petersburg, Florida, 1989; POSSESSION OF MARIJUANA, Superior Court of Monroe County, Georgia, 1991; and, TRAFFICKING IN COCAINE, Superior Court of Bibb County, 1997.

**In addition, defendant Brown has a history of probation revocation actions**

**For the foregoing reasons, the undersigned finds that defendant Brown would pose both a serious rids of flight and a serious danger to the community were he to be released from custody. He has exhibited a propensity to violate the law for nearly thirty-five years. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.**

## PART III  -  DIRECTIONS REGARDING DETENTION

**The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**SO ORDERED, this 14th day of OCTOBER, 2008.**

*/s/ Claude W. Hicks, Jr.*

**CLAUDE W. HICKS, JR.**
**UNITED STATES MAGISTRATE JUDGE**